Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 7911 | **DATE** | 2/22/2002 |
| **CASE TITLE** | Frank Robins vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion of the City of Chicago to dismiss plaintiff's complaint. The ruling date of 2/28/2002 is stricken and no court appearance is necessary on that date. This case is hereby terminated. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | FEB 27 2002 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| TSA | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK ROBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01 C 7911 |
| | ) |
| CITY OF CHICAGO, a municipal | ) Wayne R. Andersen |
| corporation, | ) District Judge |
| | ) |
| Defendant. | ) |

DOCKETED
FEB 27 2002

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the Defendant City of Chicago ("City") to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, we grant the motion to dismiss.

## FACTS

On October 15, 2001, plaintiff filed his pro se complaint against defendant alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et. seq. (hereinafter "Title VII"); 42 U.S.C. § 1981, et seq. ("Section 1981"), and 42 U.S.C. § 1983, et seq. ("Section 1983"). The basis for plaintiff's complaint appears to be an on-site incident involving a supervisor with the City's Water Department, during which plaintiff was "ordered to clean out the back of [his] truck." Plaintiff contends that such a task was outside of his job description as a truck driver and that the directive was discriminatory in nature because "similarly situated non-black individuals (names unknown)" were not required to engage in such work. As compensation, plaintiff is seeking damages in the amount of $27 million.

18

## DISCUSSION

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### I. Title VII Claim Fails To State A Cause Of Action

Plaintiff purports to bring a claim of race discrimination under Title VII, but has failed to present facts supporting such an action. A prima facie case under Title VII requires a showing that: 1) plaintiff was a member of a protected class; 2) plaintiff was performing his work functions in a satisfactory manner; 3) plaintiff suffered an adverse employment action; and 4) similarly situated employees were treated more favorably. See Johnson v. Zema Systems Corp., 170 F.3d 734, 743 (7th Cir. 1999). Because plaintiff's complaint does not identify an adverse employment action, his Title VII claims must be dismissed.

The Seventh Circuit has previously stated what constitutes a materially adverse employment action for purposes of evaluating a Title VII race discrimination claim:

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title,

2

> material loss of benefits, significantly diminished material
> responsibilities, or other indices that might be unique to a
> particular situation.

See Crady v. Liberty Natl. Bank and Trust Co., 993 F.2d 132, 136 (7th Cir. 1993).

In this case, plaintiff has not pled any such loss or deficiency. See also Burlington Indus. v. Ellerth, 524 U.S. 742, 761 (1998) (an adverse employment action under Title VII relates to a "significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). In fact, it is difficult to ascertain how plaintiff has been harmed at all by the directive described in his complaint. Absent any type of adverse impact, plaintiff's Title VII claims cannot stand. See Smart v. Ball, 89 F.3d 437, 441 (7th Cir. 1996) ("[N]ot everything that makes an employee unhappy is an actionable adverse action."). Therefore, because plaintiff has failed to indicate how the incidents described in the complaint adversely affected his employment, we must dismiss his Title VII claim.

II. Plaintiff's Section 1981 Claim Is Untimely

It is generally accepted that the applicable statute of limitations for a section 1981 action is equivalent to the corresponding state period for personal injury-style tort claims. See Goodman v. Lukens Steel Co., 482 U.S. 656 (1987). In Illinois, such a period is limited to two years from the date of the alleged discriminatory incident. See Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 807 (7th Cir. 2000). Here, the event underlying plaintiff's complaint allegedly took place on October 5, 1999. Plaintiff's complaint was filed on October 15, 2001, more than two years after that incident. Moreover, plaintiff has not set forth facts sufficient to establish the doctrines of equitable estoppel or equitable tolling. Therefore, plaintiff's section

1981 claim is time barred, and we hereby dismiss it.

III. Plaintiff's Section 1983 Claim Is Untimely

As with a section 1981 claim, the statute of limitations for a section 1983 claim is determined by the applicable state proscription on personal injury-style tort claims. See Owens v. Okure, 488 U.S. 235, 250 (1989); Kalimara v. Illinois Department of Corrections, 879 F.2d 276, 277 (7th Cir. 1989) (finding that the statute of limitations for personal injury actions in Illinois is two years). Plaintiff's complaint, as mentioned earlier, was filed more than two years after the single incident of which he complains. Moreover, plaintiff has not set forth facts sufficient to invoke the doctrines of equitable tolling or equitable estoppel. As such, plaintiff's allegations involving section 1983 are time-barred and are dismissed.

IV. Plaintiff's Section 1981 and 1983 Claims Fail To State A Claim

Even if we were to find that plaintiff's Section 1981 and 1983 claims were not time-barred, these claims would still be dismissed because plaintiff has failed to plead allegations sufficient to survive a motion to dismiss. To state a municipal policy claim under section 1981 or 1983, plaintiff is required to present a prima facie case of racial discrimination, alleging: 1) an express policy that, when enforced, causes a constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force lf law; or 3) an allegation that the constitutional injury was caused by a person with final policy-making authority. See McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000).

In this case, the complaint is devoid of any conclusions or facts sufficient to state a claim. There is no suggestion in the language of the complaint that the City or any policymaker engaged

4

in any type of unconstitutional policy, custom or practice. Although pro se complaints are to be liberally construed, if the pro se plaintiff "leave[s] out operative fact[s] which form the basis of his claim," the claim can be dismissed. McCormick, 230 F.3d at 325. Plaintiff has not only failed to allege any facts in support of his policy claims against the City, he has even failed to state general boilerplate conclusory allegations of an unconstitutional policy forming the basis for his claims. Accordingly, because the complaint fails to put defendant on notice of the nature of the section 1981 and 1983 claims against it, the claims are dismissed.

## CONCLUSION

For the foregoing reasons, we grant the motion of the City of Chicago to dismiss plaintiff's complaint. The ruling date of February 28, 2002 is stricken and no court appearance is necessary on that date. This case is hereby terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 22, 2002